IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-02406-REB-MEH

JESUS JOHN HERNANDEZ,

    Applicant,

v.

BLAKE DAVIS, Warden, and
UNITED STATES PAROLE COMMISSION,

    Respondents.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the **Recommendation on Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#51], filed March 24, 2008. The recommendation addresses the applicant's **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#1], filed November 16, 2007. The applicant, Jesus John Hernandez, supplemented his original application with an amendment to his application [#2], filed November 20, 2007, and a second amendment [#15], filed December 26, 2007. The respondents filed a response [#18] on December 31, 2007. In their response the respondents addressed the claims made in the application [#1], the amendment [#2], and the second amendment [#15]. Subsequently, Hernandez filed a traverse [#25]. Hernandez filed objections [#54] also to the recommendation and a document [#53] in which Hernandez objects to what he claims is premature action by the magistrate judge. I have reviewed also Hernandez's status report [#52] filed March

28, 2008, and his updated status report [#55] filed April 14, 2008.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable case law.  In addition, because Hernandez is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Three points made in the recommendation require additional discussion.  First, the magistrate judge noted that Hernandez's second amendment [#15] was filed without leave of court, as required by Fed. R.Civ.P. 15(a).  However, in their response the respondents addressed the allegations made in the second amendment.  The magistrate judge recommends that I find that the respondents consented to the filing of the second amendment.  I concur and conclude that the respondents consented to the filing of the second amendment and, thus, conclude that the magistrate judge properly addressed the allegations made in the second amendment.

Second, I find that the magistrate judge accurately summarized the claims asserted by Hernandez in his application [#1], amendment [#2], and second amendment [#15].  *Recommendation on Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [#51], filed March 24, 2008, p. 6.

Third, the magistrate judge recommends that two of Hernandez's claims, claims that challenge certain actions by the United States Parole Commission, be dismissed without prejudice because Hernandez has not exhausted his administrative remedies as to these claims.  In his updated status report [#55], filed April 14, 2008, Hernandez

2

asserts that he has now fully exhausted his administrative remedies as to these claims. Hernandez provides no documentation to verify this statement. Assuming Hernandez has fully exhausted these claims, I conclude that dismissal based on lack of exhaustion still is required.

Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241. **Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986); **Fazzini v. Northeast Ohio Correctional Center**, 473 F.3d 229, 231 -232 (6th Cir. 2006). In most circumstances, including those presented by this case, it is not proper to permit an applicant for habeas relief to initiate litigation before he has exhausted administrative remedies. The United States Supreme Court recently has noted the two primary purposes of the exhaustion requirement.

> First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures.
>
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

**Woodford v. Ngo**, 548 U.S. 81, (2006) (internal quotations and citations omitted)[1].

If Hernandez were permitted to pursue exhaustion and litigation simultaneously without adverse consequence, and that is precisely what he seeks in this case, then the Parole Commission is deprived of the opportunity to corrects its mistakes, if there are

---

[1] **Woodford** concerned the exhaustion requirement provided in the Prison Litigation Reform Act. The purposes of exhaustion identified in **Woodford** – protecting agency authority and promoting efficiency – apply equally to habeas challenges to a parole revocation by the Commission.

3

any, before being haled into court. In addition, the goal of efficiency is defeated because both Hernandez and the Commission are required to address both the administrative proceedings and the litigation simultaneously. Exhaustion of administrative remedies must precede the initiation of § 2241 litigation.

The recommendation is detailed and well-reasoned. Contrastingly, Hernandez's objections are imponderous and without merit. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.[2] I overrule Hernandez's objections, adopt the recommendation, and dismiss the application.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#51], filed March 24, 2008, is **APPROVED AND ADOPTED** as an order of this court;

2. That Hernandez's objections [#54] to the recommendation, filed April 9, 2008, are **OVERRULED**;

3. That the to the extent Hernandez's filing [#53], which he designated as a notice of premature action, filed April 1, 2008, properly can be read as stating objections

---

[2] I adopt the magistrate judge's recommendation that Hernandez's second claim be dismissed without prejudice because this claim cannot properly be pursued under § 2241, but must be pursued under § 2255. In this claim, Hernandez asserts that the statute permitting the imposition special parole terms, 21 U.S.C. § 841(c), is not applicable to him. The special parole term challenged by the applicant was imposed by United States District Judge Jim R. Carrigan on March 3, 1986. Response, Exhibit A (Judgment and Probation/Commitment Order). The crimes for which the applicant was found guilty were committed from March 1, 1984 through October 10, 1984. Response, Exhibit B, pp. 5 - 6. "Although § 841(c) was repealed by the Sentencing Reform Act of 1984, it still applies to convictions for offenses committed before November 1, 1987. See P.L. No. 98-473, tit. II, § 224(a)(2); ***Gozlon-Peretz v. United States***, 498 U.S. 395, 398, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991)." ***Whitney v. Booker*** 147 F.3d 1280, 1281 (10th Cir. 1998). If this claim properly had been filed under § 2255, then it would be subject to dismissal on the merits.

to the recommendation, those objections are **OVERRULED**;

    4. That Hernandez's first claim that the respondents have confined him unlawfully by executing a parole violator warrant against the applicant is **DISMISSED** without prejudice based on the applicant's failure to exhaust his administrative remedies before initiating litigation;

    5. That Hernandez's second claim that Special Parole is not applicable to the applicant is **DISMISSED** without prejudice because this claim is not properly brought under 28 U.S.C. § 2241, and must be brought as a separate action under 28 U.S.C. § 2255;

    6. That Hernandez's third claim that the respondents have failed to comply with 18 U.S.C. § 4209 concerning the administration of drug tests is **DISMISSED** without prejudice based on the applicant's failure to exhaust his administrative remedies before initiating litigation;

    7. That Hernandez's fourth claim that the respondents failed to provide discovery and to schedule a timely local parole revocation hearing is **DISMISSED** with prejudice;

    8. That judgment **SHALL ENTER** for the Respondents, Blake Davis, Warden, and United States Parole Commission, against the applicant, Jesus John Hernandez;

    9. That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated July 30, 2008, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          **Robert E. Blackburn**
                                          **United States District Judge**