IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 07-cv-02406-REB-MEH

JESUS JOHN HERNANDEZ,

    Applicant,

v.

BLAKE DAVIS, Warden, and
UNITED STATES PAROLE COMMISSION,

    Respondents.

## ORDER DENYING APPLICANT'S POST- JUDGMENT MOTIONS

**Blackburn, J.**

This matter is before me on the following: (1) **Applicant-Petitioner's Motion for Reconsideration and Request for Appointment of Counsel and Leave To Proceed Pursuant to 18 U.S.C. §§ 3006A(a)(J) and 4109(a)(2)(C)** [#60][1] filed August 28, 2008; and (2) **Applicant-Petitioner's Motion for Reconsideration of <u>JUDGMENT</u> and Request for Appointment of Counsel and Leave To Proceed Pursuant to 18 U.S.C. §§ 3006A(a)(J) and 4109(a)(2)(C)** [#65] filed September 18, 2008. The respondents filed an opposition [#66], and the applicant field a reply [#67]. I deny the applicant's motions.

On July 30, 2008, I entered an order [#58] adopting the recommendation of the magistrate judge, dismissing each of the applicant's claims in this case and directing that judgment enter for the respondents and against the applicant. On September 11,

---

[1] "[#60]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

2008, the Clerk of the Court entered Judgment [#64].  In his present motions, the applicant, Jesus John Hernandez, asks that I reconsider my order [#58] and the Judgment [#64].

I read Hernandez's motions as motions to alter or amend the judgment in this case, under FED. R. CIV. P. 59(e).  **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).  Rule 59(e) provides that a party may move "to alter or amend a judgment" in a motion filed within ten days of the judgment.  Rule 59 permits a court to "open the judgment if one has been entered, . . . make new findings and conclusions, and direct the entry of a new judgment.  The primary bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

**Servants of the Paraclete**, 204 F.3d at 1012.

To the extent Hernandez seeks reconsideration of my order [#58] and the court's Judgment [#64] in his present motions, Hernandez simply reasserts the factual and legal contentions he previously has asserted in this case.  A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that already have been addressed or could have been offered or raised before the entry of judgment.  *See, e.g., Id*.; **Templet v. HydroChem Inc**., 367 F.3d 473, 479 (5th Cir. 2004).  On this basis, Hernandez's motions to reconsider are denied.

Hernandez seeks appointment of counsel under 18 U.S.C. §§ 3006A(a)(1)(J) and 4109(c).  Read together, these provisions provide that an offender "shall have the right to advice of counsel in proceedings before the United States Parole Commission . . . and in an appeal from a determination of such

2

Commission . . . ." 18 U.S.C. § 4109(c). The above-captioned proceeding is neither a proceeding before the United States Parole Commission nor an appeal from a determination of the United States Parole Commission. Although Hernandez challenges his current parole status in this case, this case is a civil action seeking a writ of habeas corpus under 28 U.S.C. § 2241. Hernandez does not have a right to the appointment of counsel in this proceeding.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Applicant-Petitioner's Motion for Reconsideration and Request for Appointment of Counsel and Leave To Proceed Pursuant to 18 U.S.C. §§ 3006A(a)(J) and 4109(a)(2)(C)** [#60] filed August 28, 2008, is **DENIED**; and

2. That **Applicant-Petitioner's Motion for Reconsideration of JUDGMENT and Request for Appointment of Counsel and Leave To Proceed Pursuant to 18 U.S.C. §§ 3006A(a)(J) and 4109(a)(2)(C)** [#65] filed September 18, 2008, is **DENIED**.

Dated March 6, 2009, at Denver, Colorado.

                                                        **BY THE COURT:**

                                                        */s/ Robert E. Blackburn*
                                                        Robert E. Blackburn
                                                       United States District Judge